UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARY FOULKE
AS PERSONAL REPRESENTATIVE
FOR THE ESTATE OF JOHN C YOUNG, et al.,

    Plaintiffs,
v.                                                                       Case No. 3:20cv5506-MCR/EMT

DANIEL WELLER, et al.,

    Defendants.
_____/

## ORDER

This civil rights suit stems from a fatal incident in which John C. Young was shot and killed at his apartment by deputies responding to Young's 911 call. Plaintiffs, Personal Representatives of the Estate of John C. Young, brought suit alleging constitutional and state law claims against the Sheriff of Escambia County and several deputies of the Escambia County Sheriff's Office ("ECSO") involved in the shooting. Plaintiffs filed a motion in limine requesting an adverse inference as a sanction for the failure to timely preserve evidence consisting of a pair of pants, a cell phone, and a cell phone case, which now cannot be forensically examined.[1]

---

[1] Plaintiffs contend the evidence should have been preserved on the day of the incident, instead of months later, after the pants had been washed and the phone had been in continued use, and also question whether these items are in fact the same, based on a chain of custody question.

Pending is the magistrate judge's Report and Recommendation, ECF No. 72, recommending that Plaintiffs' motion for evidentiary sanctions be denied, ECF No. 35. The parties have been given an opportunity to object. *See* ECF No. 73. Having fully considered the objections and the record, the Court adopts the Report and Recommendation.

The district court reviews the disputed portions of a magistrate judge's report and recommendation *de novo*. 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Applying *de novo* review, the court examines the legal conclusions reached and independently considers factual issues based on the record. *See Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

As noted by the magistrate judge, the facts are largely undisputed but the parties disagree as to the inferences to be derived from the facts and the application of law to them. Undisputed evidence established that on December 1, 2018, John C. Young called 911 from his apartment and reported that he had "just murdered someone" with a meat cleaver and that he was thinking about killing himself or someone else too. ECF No. 42–2 at 5–6. He stated he also intended to kill one of the responding deputies and that he had a gun. *Id.* at 8–9. Several deputies

responded to the scene and within minutes, Young was dead, having been shot approximately 27 times.

The deputies' accounts are stated within the Report and Recommendation and will be summarized here only for context. When they arrived, Young stepped out of the apartment, holding a meat cleaver in one hand and a knife of some sort in the other.[2] Young failed to comply when the deputies ordered him to drop the weapons. As a result, the deputies fired five rounds of non-lethal bean bags and a Taser, none of which had any effect on Young. He raised the meat cleaver as if he intended to throw it, and the deputies fired their weapons. Deputy Daniel Weller recalled that other deputies were firing at Young as the knife was in the air and said the knife hit his leg before he discharged his gun. *See generally* ECF No. 72 at 2–3; ECF No. 35–1 at 109; ECF No. 42–4 at 4.

Shortly after the incident, Weller noticed two holes in his pants and a red mark on his leg. He later noticed a two or three inch scrape on his cell phone case, which he said matched up with the hole in his pants. *See* ECF No. 72 at 4; ECF No. 35–1 at 6–10. The pants and cell phone case were photographed but not immediately collected by either the Florida Department of Law Enforcement ("FDLE") or the

---

[2] A meat cleaver and a box cutter were recovered from the scene. ECF No. 42–21.

Case No. 3:20cv5506-MCR/EMT

ECSO. Weller continued to wear and wash the pants and continued to use the phone in the case. ECF No. 35–1 at 18–22. Despite Plaintiffs' early general request for the preservation of evidence, Defendants did not collect these items from Weller until 26 or 27 months later when Plaintiffs' counsel requested them expressly. ECF No. 42–34.

Based on this evidence, the magistrate judge concluded (1) that the pants, cell phone, and case existed at the time of the incident, (2) that a duty to preserve arose when the FDLE investigation began, (3) that, while the evidence as it existed on December 1, 2018, is not crucial to the Plaintiffs' case in chief, a comparison of the indentations with the meat cleaver could be helpful to defeat claims of self-defense, but (4) notwithstanding these conclusions in Plaintiffs favor and a strong case for carelessness, the circumstantial evidence does not support a finding of bad faith. The magistrate judge thus recommended denying the request for sanctions but explained that Plaintiffs are not without a remedy because they will have broad latitude at trial to challenge officer credibility and the authenticity of the evidence.

Plaintiffs object, arguing the magistrate judge erred by accepting the Defendants' "self-serving assertions" that the physical items currently in the Escambia County Sheriff's Office evidence room are the same items involved on December 1, 2018. But self-serving statements based on personal knowledge are

Case No. 3:20cv5506-MCR/EMT

admissible and not inherently unworthy of credence. *See United States v. Davis*, 809 F.2d 1509, 1512–13 (11th Cir. 1987) (explaining that "self-serving testimony, by itself" can create a genuine dispute of material fact, especially where it is not directly contradicted and not "so fantastic" that it "falls of its own weight"). Here, Plaintiffs point to nothing but speculation to assert that the pants and cell phone case in the evidence room are not the same items Deputy Weller had on his person on the day of the incident. There is some corroboration of Weller's statements in that the items are documented in contemporaneous reports and photographs, despite the questionable chain of custody. Plaintiffs are free to challenge credibility and raise doubts based on the lack of evidence or gaps in evidence before the jury.

Plaintiffs also argue that the magistrate judge erred by ignoring the Defendants' concessions that the items had been "physically and substantially altered." ECF No. 73 at 9. The Court disagrees. The magistrate judge acknowledged that the pants had been worn and washed several times after the shooting and that Weller continued to use the phone case, but even so, concluded that this does not establish bad faith. Sanctions cannot be imposed based on spoliation of evidence "for negligently losing or destroying evidence," and in the spoliation context, bad faith "generally means destruction for the purpose of hiding adverse evidence." *See Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1184 (11th Cir.

2020) (quoting *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015)), *cert. denied*, 141 S. Ct. 2516 (2021). Where a defendant is aware of the request to preserve a specific and crucial item and destroys it anyway, bad faith can be found. *See Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 945 (11th Cir. 2005) (finding evidence of bad faith where plaintiff knew the location and condition of the vehicle involved in the accident and was fully aware that defendant wished to examine the vehicle but ignored the request and allowed the vehicle to be sold for salvage without notice to defendant). Here, Plaintiffs identify nothing in the record indicating that the Defendants photographed these items on the day of the incident and then sent them home with Weller to be purposefully destroyed or materially altered because they believed it to be adverse evidence.

Plaintiffs also contend that the magistrate judge improperly discounted the expert opinion of Dr. Kris Sperry, who opined that it was now impossible to conduct a forensic comparison of the cleaver blade to the defects in the pants and cell phone case. ECF No. 35–1 at 115. Plaintiffs argue that *Daubert* findings are outside the scope of the magistrate judge's role for purposes of this motion, but the magistrate judge did not make a *Daubert* ruling. While the magistrate judge commented that the Defendants have challenged the expert's opinion in a pending *Daubert* motion, he did not rule on that motion. The magistrate judge noted merely that, even taking

the opinion at face value, it does not explain why a few washings would render any comparison impossible or why testing of the hard items (the cell phone case and the blade) would be totally futile. Importantly, although the magistrate judge was not convinced that a forensic analysis of the items as they existed on December 1, 2018, is crucial to the Plaintiffs' case in chief, he nonetheless assumed for the sake of analysis that the evidence would have some practical importance and that this prong of the spoliation analysis was met. Thus, the magistrate judge's comments questioning the expert opinion did not materially impact the analysis.

Plaintiffs also argue that the magistrate judge held them to an unnecessarily strict standard of proof, requiring them to show the importance of the evidence and prejudice, which, they contend, allows the Defendants to profit from their destruction of that evidence. The Court wholly disagrees. The party seeking sanctions does have the burden to prove prejudice and the practical importance of the evidence. *See Tesoriero,* 965 F.3d at 1184–85.[3] The magistrate judge questioned why the knife blade and cell phone cut could not still be forensically examined, even

---

[3] The Eleventh Circuit has considered the following factors relevant: "(1) whether the party seeking sanctions was prejudiced as a result of the destruction of evidence and whether any prejudice could be cured, (2) the practical importance of the evidence, (3) whether the spoliating party acted in bad faith, and (4) the potential for abuse if sanctions are not imposed." *Tesoriero*, 965 F.3d at 1185 (quoting *ML Healthcare Servs., LLC v. Publix Super Mkts, Inc.*, 881 F.3d 1293, 1307 (11th Cir. 2018)).

Case No. 3:20cv5506-MCR/EMT

if the pants could not be, but concluded the circumstantial evidence did not support a finding of bad faith. Instead, it demonstrated carelessness. *See id.* (emphasizing that bad faith must be shown to support spoliation sanctions). The undersigned agrees. In addition to the reasons stated by the magistrate judge, the Court notes that Jennifer Wilkerson, FDLE Senior Crime Laboratory Analyst, stated she did not "think there was a lot of forensic purpose in collecting those items, especially the pants." ECF No. 42–22. While careless, the Defendants' conduct can be credibly explained as involving a judgment call about the forensic importance of preserving this evidence, which had already been photographed and documented. *See Managed Care Sols., Inc. v. Essent Healthcare, Inc.,* 736 F. Supp. 2d 1317, 1323 (S.D. Fla. 2010) (noting circumstantial evidence of bad faith requires, among other things, proof that the "affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator") (internal marks omitted). The Court agrees that the evidence does not support a finding of bad faith.

The Court further concludes that sanctions for spoliation are not necessary in this case to prevent unfair prejudice, contrary to Plaintiffs' objections. As noted by the magistrate judge, Plaintiffs will have broad latitude at trial to attack the credibility of the officers, to challenge the chain of custody, and to argue about the proper inferences to be drawn from the relevant facts. Counsel will be free to argue

that the jury may draw adverse inferences from the FDLE and ECSO's handling of items even in the absence of an instruction directing the jury to do so.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the magistrate judge dated December 6, 2021, ECF No. 72; Plaintiffs' objections are **OVERRULED**; and Plaintiffs' Motion in Limine for Evidentiary Sanctions Due to Defendants' Spoliation of Evidence, ECF No. 35, **DENIED**.

**DONE AND ORDERED** this 14th day of March 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**